UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ELENA HARGETT, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 1:06CV00035 ERW |
| (TCM) | | |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| Defendant(s). | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the Report and Recommendation of United States Magistrate Judge Thomas C. Mummert, III [doc. #14] pursuant to 28 U.S.C. § 636(b).

The Court notes that the Plaintiff has filed timely Objections to the Magistrate's Recommendation [doc. #15]. "[W]hen a party objects to the report and recommendation of a magistrate judge concerning a dispositive matter, '[a] judge of the court shall make a de novo review determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)). Therefore, the Court will conduct a de novo review of those portions of the Report to which the Plaintiff has objected.

**I. BACKGROUND**

The Magistrate recommends that the decision of the commissioner be affirmed, and that the Plaintiff's case be dismissed. The Magistrate detailed the Plaintiff's medical history, work history, and the proceedings before the Administrative Law Judge (ALJ). The ALJ followed the five step process outlined in the regulations, and concluded that the Plaintiff had not engaged in

1

any substantial gainful activity after her alleged disability onset date, that her ability to do basic work had been more than minimally effected by osteoarthritis of the right shoulder and right wrist, right peroneal tendinitis and asthma, and that these impairments were severe. At the forth step the ALJ determined that the plaintiff had a residual functional capacity (RFC) to lift, carry, push or pull ten pounds occasionally, sit six hours in an eight-hour day, and stand or walk a total of two hours in an eight-hour day. The ALJ noted that the Plaintiff needed to avoid concentrated exposure to pulmonary irritants and temperature extremes. Based on this RFC, the ALJ concluded that the Plaintiff was able to perform a wide range of sedentary work, including her past relevant work as an office assistant. The ALJ therefore determined that the Plaintiff is not disabled. After receiving an adverse decision from the ALJ, the Plaintiff sought review from the Appeals Council, which was denied on February 24, 2006. The Plaintiff then sought review in this Court.

**II. DISCUSSION**

As the Magistrate correctly stated, a reviewing court must affirm the Commissioner's decision to deny disability benefits, "so long as it conforms to the law and is supported by substantial evidence on the record as a whole." *Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (internal quotation omitted). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion, whereas substantial evidence on the record as a whole entails a more scrutinizing analysis." *Id.* (internal quotation omitted). The review is more than an examination of the record for substantial evidence in support of the Commissioner's decision and must take into account whatever in the record detracts from the decision, however, reversal is not warranted simply because substantial evidence would have supported another conclusion. *Id.*

The Magistrate found that there was substantial evidence to support the ALJ's decision that the Plaintiff had the RFC to perform past relevant work. The Plaintiff objected to the Magistrate's findings; she alleges that the ALJ erred in his assessment of the Plaintiff's credibility, and in his determination of Plaintiff's RFC. The Plaintiff raised a number of objections to the ALJ's determinations, the Court will address each of the Plaintiff's objections as applicable to the following analysis.

As noted by the Magistrate, it is necessary to address the question of Plaintiff's credibility, before a determination regarding her RFC can be made. *Tellez v. Barnhart*, 403 F.3d 953, 057 (8th Cir. 2005). A credibility determination requires the ALJ to evaluate the *Polaski* factors. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). This requires the ALJ to consider: "(1) a claimant's daily activities, (2) the duration, frequency and intensity of pain, (3) precipitating and aggravating factors, (4) dosage, effectiveness, and side effects of medication, and (5) residual functions." *Ramirez v. Barnhart*, 292 F.3d 576, 581 (8th Cir. 2002). The ALJ in this case made specific findings regarding each of the above factors, before making an adverse credibility determination. In many instances the ALJ points to the medical record in support of his conclusions. While it is true, as the Plaintiff points out in her objections, that a lack of objective medical evidence, is not alone sufficient to make a determination that a claimant's subjective complaints of pain are not credible, the ALJ is entitled to make such adverse credibility determination if there is objective medical evidence to the contrary. *Gonzales v. Barnhart*, 465 F.3d 890, 895 (8th Cir. 2006).

The ALJ addressed each of the *Polaski* factors, the Court here notes those to which the Plaintiff objects. First, the ALJ looked at the Plaintiff's daily activities. The Plaintiff testified that she was unable to complete her daily activities, however, nine months prior to the hearing before

the ALJ, she stated to a physician that she was able to do her daily activities. The ALJ further noted there was no medical evidence supporting a deterioration in the Plaintiff's condition between the time she made the statements to her physician and the hearing. The Plaintiff contends that the fact that she was doing well, does not mean that she has the ability to work. *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001) ("'[D]oing well' for purposes of a treatment program has no necessary relation to a claimant's ability to work or to her work-related functional capacity). However, the ALJ was entitled to look to the Plaintiff's contradicting statements regarding her ability to perform her daily activities in making an adverse credibility determination.

Furthermore, the ALJ's determination was supported by the medical evidence which established that the duration of the Plaintiff's ailments was relatively short. Specifically, the Plaintiff did not make any complaints to a physician regarding her shoulder, wrist, or foot conditions until more than a year after the alleged onset date of her disability. Additionally, she saw a physician for her asthma on only three occasions, with a break of more than ten months between visits. This again, can be used by the ALJ to support the adverse credibility findings, under the second *Polaski* factor, and was specifically addressed by the ALJ.

The Magistrate and ALJ focused heavily on the fourth *Poloski* factor, that the medical evidence was contrary to the Plaintiff's subjective complaints, specifically that many of her complaints were successfully treated. The Plaintiff's asthma was treated with a nebulizer and Continuous Positive Airway Pressure ("CPAP") machine, as well as medication, after which she reported that the condition had improved. She was also treated with only a non-steriodal anti-inflammatory for her arthritis pain in her shoulder and wrist, and medical evidence reported that she had good range of motion in her shoulder. She was provided with a brace for her right foot, which appears to have eased the problem. The Plaintiff argues that the plantar fasciitis in her left

4

foot was not considered by the ALJ. However, the treating physician considered the issue resolved, and the Plaintiff told the treating physician that she no longer had pain in that foot. As the Eighth Circuit held in *Guilliams v. Barnhart*, "evidence of effective medication resulting in relief. . .may diminish the credibility of a claimants complaint." 393 F.3d 798, 802 (8th Cir. 2005). The medical evidence in this case shows that Plaintiff suffered from a variety of impairments, however, they were all treated, many of them successfully. This analysis of the record further supports the ALJ's credibility finding.

There is sufficient evidence in the record to support the ALJ's adverse credibility determination. *Dunahoo*, 241 F.3d at 1037. The Plaintiff points to evidence that she had a good work history, as contradicting the ALJ's adverse credibility determination. The ALJ, contrary to the Plaintiff's contention, found that she left her last job for reasons unrelated to disability, which he concluded supports an adverse credibility determination. Both the Plaintiff's argument, and the findings of the ALJ are accurate. The Eighth Circuit, in *Burnside v. Apfel*, held that "a consistent work record may support the credibility of a claimant's subjective complaints." 223 F.3d 840, 845 (8th Cir. 2000). However, the Eighth Circuit also held that it is "relevant to credibility when a claimant leaves work for reasons other than her medical condition." *Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005). In reviewing the ALJ's decision, this Court notes that "where adequately explained and supported, credibility findings are for the ALJ to make." *Ellis v. Barnhart*, 392 F.3d 988, 996 (8th Cir. 2005). The ALJ's decision in this case is supported by the evidence cited in his report. Additionally, the Magistrate recognized that although she testified that she left a job in November, 2002, because of breathing problems, on her work history report she listed her last job as ending in November, 2000. There is ample evidence to support the ALJ's adverse credibility determination.

The ALJ determined that the Plaintiff had the RFC to perform past relevant work, and other sedentary work. This Court notes, as did the Magistrate, that it is Plaintiff's burden to establish her RFC at step four in the disability analysis. *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). The Plaintiff points largely to the medical record to support her argument that she lacked the RFC to perform past relevant work, specifically that the pain in her wrist and shoulder prevented her from doing a lot of work with her hands, such as working on the keyboard, and that the problems with her leg prevented her from moving from one office to another. However, as found above, the ALJ was entitled to disbelieve the Plaintiff based on the adverse credibility determination. Furthermore, the medical evidence, that was thoroughly documented by the Magistrate, does not support the limitations claimed by the Plaintiff.

An additional argument asserted by the Plaintiff is that the ALJ erred in making a decision without the opinion of a treating or examining source regarding her work related abilities. However, the Eighth Circuit has held that the ALJ is not required to produce additional medical evidence not in the record. *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001) (internal citation omitted). Furthermore, although some medical evidence must be considered, an RFC determination is to based on all evidence in the record, not just medical evidence. *Dykes v. Apfel*, 223 F.3d 865, 866-67 (8th Cir. 2000). In this case the ALJ considered all of the medical records, as well as the Plaintiff's testimony in reaching his determination that she had the RFC to perform past relevant work. The Plaintiff has not pointed to sufficient evidence in the record to meet her burden that she lacked sufficient RFC to perform past relevant work.

Lastly, the Plaintiff argues that the ALJ failed to consider the impairments in combination. *Delrosa v. Sullivan*, 922 F.2d 480, 484 (8th Cir. 1991). ("The ALJ must consider the impairments in combination and not fragmentize them in evaluating their effects."). In his report, the ALJ

6

stated that "[t]he claimant testified that she has been unable to work because of pain about her right wrist and shoulder, numbness about her right hand, pain about her right foot, and difficulty breathing." *Administrative Record*, p. 15. This statement by the ALJ supports the conclusion that he considered all of the Plaintiff's impairments. The fact that he addressed each impairment separately does not show that he failed to consider the impairments' effect in combination, but rather that he was meticulously reviewing all of the medical evidence presented. The Plaintiff fails to point to any specific portion of the ALJ's decision that shows he did not consider the impairments in combination.

### III. CONCLUSION

The Plaintiff has alleged that the record supports neither the ALJ's decision, nor the report and recommendation of the Magistrate. This Court has reviewed the record in this case and finds that there is substantial evidence on the record as a whole to support the ALJ's adverse credibility determination. Furthermore, in reaching its conclusion of the Plaintiff's RFC, the ALJ considered both medical and non-medical evidence, and was not required to seek testimony from a treating physician regarding Plaintiff's work related abilities.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that the relief requested by Plaintiff's Social Security Brief [doc. #12] is **DENIED.**

Dated this 9th Day of February, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE